Cross, J. Delivered the opinion of the court. From the answer and accompany ingpapers to an alternative writ of mandamus heretofore issued, it appears that Absalom Fowler, as adm’r. de bonis non of the estate of Hartwell Boswell, deceased, regularly sued out, and caused to be placed in the hands of James M. Pearce, sheriff of Van Burén county, a writ of venditioni expo-nas, commanding him to expose to sale, certain lands therein specified, and the money arisiug therefrom, to have before the circuit court of said county, on the second day of the term thereof, to be holden on the first Monday after the fourth Monday of October next, ensuing the date of said writ, to “ render to said Absalom Fowler, as such adm’r., the debt, damages and costs,” &c. In obedience to the command of the writ, Pearce, as such sheriff, proceeded to advertise and sell the lands in due form, and at the sale Fowler, through his agent Howard W. Smith, being the last and highest bidder, became the purchaser at the sum of .fifty dollars. Pearce immediately thereafter, as he states in his answer, demanded payment of the said sum of fifty dollars, which, with the exception of the costs due to him as sheriff for his services, was refused. Upon this refusal of Fowler, through his agent aforesaid, to pay the sum of fifty dollars, he states further in his answer, that as such sheriff he offered to take, and requested Smith, the agent, to pay him the costs legally due and taxed upon the writ of vend, expo-nas, and give him the receipt of Fowler, as adm’r, &c., for the residue of the said sum of fifty dollars. This being also declined, he adds, “ I, as such sheriff, did refuse to execute and acknowledge a deed of conveyance for said lands unto the said Fowler; and still do refuse to execute and acknowledge a deed of conveyance as such sheriff for said lands and tenements ” &c. It appears further from a copy of the writ, which is exhibited and made part of the answer, that the sum of forty-four dollar's fifty-four and three-fourth cents, was endorsed upon it as costs due to former filerks and sheriffs, and two dollars to the then and present sheriff These being the material facts as set forth in the answer to the alternative writ, and relied upon by the sheriff, Fowler contests their sufficiency and moves the court to award him a pei’emptory writ of mandamus,commanding the said sheriff absolutely to exedute and acknowledge a proper deed for the lands &c. The motion is opposed upon the ground that the amount bid a't the sale should have been paid, at least to the extent of the costs endorsed upon the writ of venditioni exponas as fees due for services rendered by other officers in the cause, it not appearing that Fowler, the plaintiff, had paid any part of these fees. Section 31 of the act entitled “ an act to regulate the fees of office' of the several officers of this state,” approved the 23d Dec., 1842, is relied upon and is in these words: “ If any party to a suit shall pay any fees allowed by this act, before final judgment, and the judgment shall thereafter be rendered in his favor, and costs adjudged to him, the amount so paid shall be taxed and endorsed on the execution, and levied and collected by virtue thereof, for the benefit of such party; and all fees which shall not be paid, shall be endorsed on the execution and collected by virtue thereof, for the benefit of the person rendering the service, or the same may be collected on fee bills according to preceding provisions oí this act, but only the costs of the prevailing party shall be so taxed on such execution.” See Session Acts, p 38. Under this provision it is insisted that the sheriff is not bound to pay over to any but the party beneficially interested, or the plaintiff authorized to receive costs, endorsed on the execution as being due to officers, &c., and that if it were otherwise, those entitled to fees would be deprived of the responsibility of the sheriff and his securities. However plausible this view, it may well be questioned. The judgment, inclusive of costs,upon which the execution issues, is in the name of, and for the benefit of the plaintiff in the writ, the writ itself is issued at his instance and is at all times subject to his control. He may order its return, ora suspension of action at the moment property levied on is offered for sale, and thus control the beneficial interest of officers and others entitled to fees endorsed upon it. The items of the judgment embraced in the execution constitute an entirety, the legal right to which is in the plaintiff, and cannot be parcelled out by the sheriff with a view of discrimination. In the case before us the sheriff seems to have acted under the impression that where money was or could be collected in part only, due upon an execution in his hands, he was bound to apply it in satisfaction of the beneficial, without regard to the legal interest, to the extent at least of such beneficial interest, and therefore discriminate in favor of officers’ fees. This refusal to admit the plaintiff’s bidas a credit can be accounted for in no other way. If right, and were sheriffs so bound, it might and frequently would operate prejudicially to the interests of both plaintiff and defendant. Such would be the case where the property levied on was near the value, or but little beyond it, of the amount of costs, and the execution Creditor being desirous of bidding at the sale, and willing to pay more than others, could not command the means of paying over his bid. But we think no such obligation rests upon them,- and that notwithstanding the statutory provision on the subject of fees, where money in part is collected under an execution, if there be a necessity for the exercise of discretionary power in its application as a credit, it attaches to the legal rather than the beneficial interest. In this view, we are strengthened by the consideration, that the party legally interested is liable and may be proceeded against by fee bill at any time for the costs due to officers having rendered services in the cause,- and also that the taxation of costs is subject to cor-rec'tion by the proper court on application of the party concerned.Where a plaintiff bids at a sale of property under his own execution, it has been held by the supi’eme .court of the state of New York to be unreasonable “to insist that he should advance money on his bid, when the sole object of the sale is to put money in his hands, by paying a debt due to him.” Nichols vs. Ketcham, 19 John. Rep. 92. Russell vs. Gibbs, 5 Cow. Rep. 396. Of the'correctness of this, as a general rule, we entertain no doubt. There might, however, be cases where it would be otherwise — such, for instance, as liens of equal dignity created by judgment or execution in favor of different creditors, upon the real or personal property of the defendant. In all such cases it would be proper on the part of the sheriff tb require an execution creditor to pay over the amount of his bid, in order to enable him to' render- it in court on the return of the writ, to abide such award as might be made in the adjustment of conflicting claims. The sheriff in the case under ®onsideration urges So defence of this description in his answer, and in our judgment was not justified, except as to the amount'of his own fees, under the circumstances, in his refusal to ■ admit the plaintiff’s bid as a credit. We are, therefore, of opinion that the motion must- be sustained, and that a peremptory writ of mandamus issue accordingly, requiring him absolutely to execute and acknowledge in due form, a deed to the plaintiff for the lands in question, when-his own fees shall have been paid, and such deed! presented to him.